Patrick M. Maloney, Esq. - **CSBN 197844**
Craig T. Reese, Esq. - **CSBN 238332**
**THE MALONEY FIRM, APC**
2381 Rosecrans Avenue, Suite 405
El Segundo, California 90245
T: (310) 540-1505 | F:(310) 540-1507
E: pmaloney@maloneyfirm.com
E: creese@maloneyfirm.com

Attorneys for Defendant,
SANDRA MALONEY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS CONYERS and DANIEL LANGFORD, trustees, participants and/or authorized agents of THE CARPENTERS SOUTHWEST TRUSTS,<br><br>Plaintiffs,<br><br>v.<br><br>MARISA CANO, an individual, and SANDRA MALONEY, an individual,<br><br>Defendant. | Case No.: 2:20-cv-03146 JFW(PLAX)<br>Judge: Hon. John F. Walter<br>Dept.: Courtroom 7A<br>Action Filed: April 3, 2020<br><br>**DEFENDANT AND CROSS-PLAINTFF SANDRA MALONEY'S NOTICE OF MOTION AND MOTION TO QUASH SERVICE OF SUBPOENA FOR DOCUMENTS AND THINGS OR IN THE ALTERNATIVE FOR A PROTECTIVE ORDER REGARDING THE RECORDS OF DR. JOHN D. DEYO, M.A., LMFT, LPCC** |
| SANDRA MALONEY, an individual,<br><br>Counterclaim Plaintiff,<br><br>vs.<br><br>CARPENTERS SOUTHWEST ADMINISTRATIVE CORPORATION, a California Corporation; CURTIS CONYERS and DANIEL LANGFORD, trustees and/or participants of the CARPENTERS SOUTHWEST TRUSTS; BOARD OF TRUSTEES FOR THE CARPENTERS SOUTHWEST TRUSTS; DOUGLAS MCCARON, an Individual;<br><br>Counterclaim Defendants. | Magistrate Judge: Hon. Paul L. Abrams<br>Date: September 30, 2020<br>Time: 10:00 a.m.<br>Department: Courtroom 780 |

THE MALONEY FIRM, APC
2381 ROSECRANS AVENUE, SUITE 405
EL SEGUNDO, CALIFORNIA 90245
T: (310) 540-1505 | F: (310) 540-1507

00172576.DOCX

1

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**YOU ARE HEREBY NOTIFIED THAT** on September 30, 2020, in Courtroom 780, 7th Floor, of the above entitled Court, located at 255 E. Temple Street, Los Angeles, CA,  90012, defendant and cross-plaintiff, SANDRA MALONEY, will move the Court for an order quashing the subpoena to produce documents, information, or objects on the grounds that it seeks information, communications, and documents protected by the patient-therapist privilege. *See Jaffee v. Redmond,* 518 U.S. 1, 10 (1996) (recognizing communications between a psychotherapist and client as privileged and the necessity of the privilege outweighing the probative value of potential evidence emanating therefrom).

The motion will be based upon this notice, the attached memorandum of points and authorities, attached exhibits, declaration of Craig T. Reese, and declaration of Sandra Maloney, the files and records in this action and any further evidence and argument that the Court may receive at or before the hearing.

Dated: August 28, 2020

**THE MALONEY FIRM, APC**

By:  /s/ Craig T. Reese

PATRICK M. MALONEY
CRAIG T. REESE
Attorneys for Defendant,
SANDRA MALONEY

THE MALONEY FIRM, APC
2381 ROSECRANS AVENUE, SUITE 405
EL SEGUNDO, CALIFORNIA 90245
T: (310) 540-1505 | F: (310) 540-1507

00172576.DOCX

2

DEFENDANT AND CROSS-PLAINTFF SANDRA MALONEY'S NOTICE OF MOTION TO QUASH SERVICE OF SUBPOENA REGARDING THE RECORDS OF DR. JOHN D. DEYO, M.A., LMFT, LPCC

## TABLE OF CONTENT AND AUTHORITIES

**I.    INTRODUCTION** ...........................................................................................1

**II.   RECORDS AT ISSUE TO BE PROTECTED** ..................................................4

**III.  SANDRA MET AND CONFERRED WITH CROSS-DEFENDANTS PRIOR TO BRINGING THE INSTANT MOTION** ...................................4

**IV.   LEGAL STANDARD** ........................................................................................5

   A. The Court May Quash the Subpoena. ...................................................................5

   B. Federal Privilege Law Applies. ...........................................................................5

**V.    LEGAL ARGUMENT** .......................................................................................5

   A. Cross-Defendants' Subpoena Seeks Privileged, Private, and Protected, Third-Party Psychotherapy Records and Communications...........................................5

   B. Sandra has *not waived* the privileges that attach to communications with her and her husband's therapist or to the therapist's records. ...........................................6

      1.  Sandra has not waived her psychotherapist-patient privilege......................7

      2.  Cross-Defendants' claimed need for discovery concerning Sandra's emotional distress does not cause a waive, because Dr. Deyo's records have no bearing on her claims. ...............................................................................8

   C. Sandra's Medical Records are Private and Should Not be Disclosed..................9

   D. Sandra's Psychotherapy Records Are Statutorily Protected Under California Evidence Code Section 1014...........................................................................10

      1.  The California Constitution, Code of Evidence, and case law recognize the privacy rights and confidential nature of psychotherapy records...............10

      2.  A waiver does not occur merely because Sandra seeks emotional distress damages....................................................................................................11

      3.  The invasion of privacy caused by the Cross-Defendants' subpoena would be extensive and serious. ...............................................................................11

THE MALONEY FIRM, APC
2381 ROSECRANS AVENUE, SUITE 405
EL SEGUNDO, CALIFORNIA 90245
T: (310) 540-1505 | F: (310) 540-1507

00172576.DOCX

1

E.  The Subpoena Seeks Communications Protected by the Marital-Communications Privilege. ..........................................................................................12

   1.  Federal law protects confidential marital communications. .......................12

   2.  California law protects confidential marital communications. ....................13

**VI.    CONCLUSION** ...........................................................................................**13**

THE MALONEY FIRM, APC
2381 ROSECRANS AVENUE, SUITE 405
EL SEGUNDO, CALIFORNIA 90245
T: (310) 540-1505 | F: (310) 540-1507

DEFENDANT AND CROSS-PLAINTFF SANDRA MALONEY'S NOTICE OF MOTION TO QUASH SERVICE OF SUBPOENA REGARDING THE RECORDS OF DR. JOHN D. DEYO, M.A., LMFT, LPCC

1

# **TABLE OF AUTHORITIES**

2

**Cases**

3    *Agster v. Maricopa County,* 422 F.3d 836, 839 (9th Cir. 2005) ....................................5

4    *Beltran v. County of Santa Clara*, 2009 ......................................................................2

5    Burrell v. Crown Cent. Petroleum, Inc., 177 F.R.D. 376 (E.D. Tex. 1997)...................3

6    *Davis v. Super. Ct.* (1992) 7 Cal.App.4th 1008..........................................................4, 11

7    *Doe v. City of Chula Vista*, 196 F.R.D. 562 (S.D. Cal. 1999).....................................2, 8

8    *EEOC v. Serramonte*, 237 F.R.D. 220, 224 (N.D.Cal.2006) ......................................2

9    *Fritsch v. City of Chula Vista*, 187 F.R.D. 614, 622 (S.D. Cal. 1999)........................2, 7

10   *Hucko v. City of Oak Forest,* 185 F.R.D. 526, 529-31 (N.D. Ill. 1999).........................7

11   *Jaffee v. Redmond*, 518 U.S. 1, 12 (1923) ..................................................................6

12   *Jaffee v. Redmond*, 518 U.S. 1, 12 (1996) ........................................................2, 3, 6, 8

13   *Mattel Inc. v. Walking Mountain Productions*, 353 F.3d 792, 814 (9th Cir. 2003) .......5

14   *Nielsen v. Sup. Ct.* (1997) 55 Cal.App.4th 1150 ........................................................10

15   *Oleszko v. State Compensation Insurance Fund,* 243 F.3d 1154, 1156 (9th Cir. 2001).6

16   *Pearson v. Miller,* 211 F.3d 57, 66 (3d Cir. 2000). .....................................................5

17   *People v. Garcia* (2010) 185 Cal.App.4th 1203 .........................................................10

18   *People v. Von Villas*, 11 Cal.App.4th 175 .................................................................13

19   *Priest v. Rotary*, 98 F.R.D. 755, 761-62 (N.D. Cal. 1983)...........................................3

20   *re Lifschutz* (1970) 2 Cal.3d 415 ..............................................................................11

21   *Ruhlmann v. Ulster County Dept. of Social Serv.,* 194 F.R.D. 445, 449-457 (N.D.N.Y. 2000)..........................................................................................................................7

22   *Simek v. Sup. Ct.* (1981) 117 Cal.App.3d 169 .........................................................11

23   *Speaker v. County of San Bernardino,* 82 F.Supp.2d 1105, 1119 (C.D. Cal. 2000)......7

24   *Stallworth v. Brollini,* 288 F.R.D. 439, 444 (N.D. Cal. 2012) .............................2, 7, 9

25   *TFT-LCD (Flat Panel) Antitrust Litigation*, 835 F.3d 1155, 1158 (9th Cir. 2016). ......5

26   *Trammel v. United States,* 455 U.S. 40, 51 (1980)..................................................3, 12

27   Upjohn Co. v. United States, 449 U.S. 383, 393, 101 S.Ct. 677, 684, 66 L.Ed.2d 584 (1981) ........................................................................................................................7

28

THE MALONEY FIRM, APC
2381 ROSECRANS AVENUE, SUITE 405
EL SEGUNDO, CALIFORNIA 90245
T: (310) 540-1505 | F: (310) 540-1507

*Valiavacharska v. Celaya*, 2011 ............................................................................ 2

*Vanderbilt v. Chilmark,* 174 F.R.D. 225, 228 (D. Mass. 1997) ......................... 7

*Vitamins Antitrust Litig.,* 267 F.Supp.2d 738, 741 (S.D. Ohio 2003) ............... 5

*Williams v. Sup. Ct.* (2017) 3 Cal.5th 531 ....................................................... 12

*Wolfe v. United States,* 291 U.S. 7, 14 (1934). .............................................. 12

**Statutes**

28 U.S.C. § 1367 ................................................................................................. 5

45 Cal. Fed. Regulation § 164.501 ..................................................................... 6

45 Cal. Fed. Regulation § 164.508 ..................................................................... 6

Cal. Evid. Code § 980 ................................................................................. 3, 13

Cal. Evid. Code § 1010 ..................................................................................... 11

Cal. Evid. Code §1012 ...................................................................................... 11

Cal. Evid. Code §1013 ...................................................................................... 11

Cal. Evid. Code § 1014 ................................................................... 3, 6, 10, 11

California Constitution, Art. I, § 1 ................................................................... 13

California Constitution, Art. I, § 16 ............................................................... 3, 6

Fed. Rules. of Civ. Proc. 45 .............................................................................. 5

THE MALONEY FIRM, APC
2381 ROSECRANS AVENUE, SUITE 405
EL SEGUNDO, CALIFORNIA 90245
T: (310) 540-1505 | F: (310) 540-1507

DEFENDANT AND CROSS-PLAINTFF SANDRA MALONEY'S NOTICE OF MOTION TO QUASH SERVICE
OF SUBPOENA REGARDING THE RECORDS OF DR. JOHN D. DEYO, M.A., LMFT, LPCC

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Cross-Plaintiff Sandra Maloney ("Sandra") seeks, among things, damages for the emotional distress she suffered as a result of Cross-Defendants' wrongful termination of her employment in March 2020.  While Sandra was certainly upset by losing her job during a pandemic, who wouldn't be, she has not yet sought or received specific medical attention or therapy related to her job loss.  She has not received any formal diagnosis of a specific, diagnosable emotional injury.  Simply put, at bottom, Sandra is seeking damages for the garden variety emotional distress anyone would suffer as a result of losing her employment with the Carpenters entities, with which she had been employed in various capacities for the entirety of her adult life, some 35 years, during a worldwide pandemic, unlike anything we've seen in our lifetimes.

Notwithstanding, as part of a campaign of harassment that Cross-defendants counsel threatened when they met with Sandra to terminate employment (*see* Declaration of Sandra Maloney, ¶¶ 4-5), Cross-Defendants recently sent a subpoena to Sandra's former marriage counselor, Dr. John D. Deyo, with whom she and her husband last treated in mid-2018.  Sandra did not identify Dr. Deyo in either her Rule 26 disclosures or her discovery responses as being a potential witness in this action, nor does she intend to call Dr. Deyo as a witness, because he has nothing to offer.  Sandra and her husband treated with Dr. Deyo for marital issues for approximately 10 months from July 2017 to May 2018, *i.e.,* <u>two years before</u> Cross-Defendants unlawfully terminated Sandra's employment.  Among other things, Cross-defendants' subpoena seeks materials that are subject to a multitude of privileges and that are completely irrelevant to the issues in the suit.

As such, Cross-Defendants' subpoena should be quashed for at least the following reasons.

///

THE MALONEY FIRM, APC
2381 ROSECRANS AVENUE, SUITE 405
EL SEGUNDO, CALIFORNIA 90245
T: (310) 540-1505 | F: (310) 540-1507

00172576.DOCX

1

DEFENDANT AND CROSS-PLAINTFF SANDRA MALONEY'S NOTICE OF MOTION TO QUASH SERVICE OF SUBPOENA REGARDING THE RECORDS OF DR. JOHN D. DEYO, M.A., LMFT, LPCC

**First,** Sandra's psychotherapy records are private and protected by the California Constitution (Art. I, § 16) and the Healthcare Portability and Accountability Act ("HIPPA"), and Sandra has **not waived** those privileges. Sandra's psychological treatment records are absolutely privileged. *Jaffee v. Redmond*, 518 U.S. 1, 12 (1996). The fact that Sandra seeks emotional distress damages does not effect a waiver of those privileges. A waiver occurs only when a litigant relies upon privileged communications to support her case. *See Fritsch v. City of Chula Vista*, 187 F.R.D. 614, 622 (S.D. Cal. 1999). Sandra has not identified Dr. Deyo as a witness in this action, nor has she indicated her intent to rely upon Dr. Deyo's records as exhibits in this action. Nor does she intend to do so. She treated with Dr. Deyo on unrelated issues, years before the events giving rise to this suit.

On similar facts, the District Courts within this circuit have repeatedly quashed subpoenas and denied motions to compel seeking the disclosure of privileged communications between patients and their therapists. *See also Stallworth v. Brollini,* 288 F.R.D. 439, 444 (N.D. Cal. 2012) (denying motion to compel identity of treatment providers); *Valiavacharska v. Celaya*, 2011 WL 4479341, at *3-4 (N.D.Cal. Sept. 26, 2011) (quashing subpoena where plaintiff claimed only "garden variety" emotional distress) *Beltran v. County of Santa Clara*, 2009 WL 248207, at *2-3 (N.D.Cal. Jan. 30, 2009) (denying motion to compel where plaintiff sought only "garden variety" emotional distress damages and did not affirmatively rely on any therapist-patient communications); *EEOC v. Serramonte*, 237 F.R.D. 220, 224 (N.D.Cal.2006) (quashing subpoenas here plaintiff brought only a "garden-variety" claim for emotional distress damages and did not intend to rely on medical records or testimony by a medical or psychiatric expert to support her claims).

And even in those rare instances where such discovery was allowed, it was tightly circumscribed, including requiring the Magistrate to conduct an *in-camera* review before relevant information would be released to counsel. *Doe v. City of Chula Vista*, 196 F.R.D. 562 (S.D. Cal. 1999).

THE MALONEY FIRM, APC
2381 ROSECRANS AVENUE, SUITE 405
EL SEGUNDO, CALIFORNIA 90245
T: (310) 540-1505 | F: (310) 540-1507

**Second,** Cross-Defendants' subpoena seeks Sandra's husband's protected and privileged psychotherapy records. The psychotherapy records produced during marriage counseling with Dr. Deyo cover both Sandra and her husband. Sandra's husband is not a party to this lawsuit and has never waived his right to privacy (*see* Cal. Const. Art. I, § 16; HIPAA) or psychotherapist-patient privilege (*see Jaffee v. Redmond*, 518 U.S. 1, 12 (1996); Cal. Evid. Code § 1014) with Dr. Deyo.   Thus, even if the Court found that records relating to Sandra's treatment were discoverable, those that also relate to her husband remain off limits.

**Third,** the subpoena seeks communications protected by both state and federal marital-communications privilege. Marriage counseling by its very nature involves a husband and wife privately communicating to one another for the benefit of their marriage. These marital communications are thus privileged (*see Trammel v. United States,* 455 U.S. 40, 51 (1980); Cal. Evid. Code § 980).

**Fourth,** the subpoena has been propounded for an improper purpose – to wage a campaign of harassment.  Even before this suit was filed, Cross-Defendants, through their counsel of record in this case, DeCarlo & Shanley, have threatened to cause Sandra to suffer embarrassment and humiliation if she pursued this suit.   When terminating Sandra's employment, John DeCarlo told Sandra that if she should know that if "this" went to court things would "get out" about Sandra's past.

Now they have made good on that threat by propounding a subpoena to a counselor with whom Sandra and her husband treated for their own marital issues. Disclosure of these records, by their very nature, could cause "embarrassment or disgrace." *Jaffee,* 518 U.S. at 10. "[T]remendous potential for abuse . . . exists when a defendant has unfettered access to a plaintiff's medical records." Burrell v. Crown Cent. Petroleum, Inc., 177 F.R.D. 376 (E.D. Tex. 1997) at 383; *Priest v. Rotary*, 98 F.R.D. 755, 761-62 (N.D. Cal. 1983) (Title VII case stating that discovery of intimate aspects of plaintiff's life can discourage litigants and significantly annoys and harasses those "hearty souls" who file lawsuits despite the risk); *Davis v. Super. Ct.* (1992) 7

THE MALONEY FIRM, APC
2381 ROSECRANS AVENUE, SUITE 405
EL SEGUNDO, CALIFORNIA 90245
T: (310) 540-1505 | F: (310) 540-1507

1  Cal.App.4th 1008, 1015-17.  Given the DeCarlo's express threat to use this lawsuit to
2  harass Sandra, it is axiomatic that this subpoena, sent to a treating therapist not disclosed
3  as a witness is part of that campaign.

## II.   RECORDS AT ISSUE TO BE PROTECTED

5      Sandra and her husband saw Dr. Deyo for approximately 10 months from July
6  2017 to May 2018 for marriage counseling entirely unrelated to the sexual harassment
7  she suffered at the hands of her boss, Douglas McCarron, or her termination in 2020.
8  Declaration of Sandra Maloney ("Sandra Decl.") at ¶ 2. Cross-Defendants have issued a
9  subpoena to Dr. Deyo requesting:

> All documents, including but not limited to records of
> treatments, intakes, consultations and communications,
> including but not limited to electronic mail, voicemails, and
> texts, concerning, related to, or referring to Sandra Maloney,
> aka Sandra Castro, (D.O.B. 2/14/67), **for the period between**
> **Jan. 2017 and July 2020**.

15  Exhibit A, pg. 3 (emphasis added).

16      This request is completely overbroad and invades Sandra's right to privacy and
17  must be quashed in its entirety.

## III.   SANDRA MET AND CONFERRED WITH CROSS-DEFENDANTS
##       PRIOR TO BRINGING THE INSTANT MOTION

20      Sandra's counsel and Cross-Defendants' counsel, Daniel Shanley, met and
21  conferred on August 25, 2020, the earliest opportunity in Cross-Defendants' lead
22  counsel's schedule, but were unable to come to an agreement regarding the scope of the
23  subpoena. Reese Decl. ¶ 2.

24      Sandra's counsel attempted to meet and confer with Mr. Shanley seven days prior
25  to bringing the instant motion as required by Local Rule 7-3. Declaration of Craig T.
26  Reese ("Reese Decl.") at ¶¶ 2-3. Sandra's counsel sent Mr. Shanley a letter on August
27  18, 2020, explaining Sandra's position seeking to meet and confer. Mr. Shanley
28  indicated that he was unable to meet and confer in time to comply with Local Rule 7-3.

THE MALONEY FIRM, APC
2381 ROSECRANS AVENUE, SUITE 405
EL SEGUNDO, CALIFORNIA 90245
T: (310) 540-1505 | F: (310) 540-1507

00172576.DOCX

4

DEFENDANT AND CROSS-PLAINTFF SANDRA MALONEY'S NOTICE OF MOTION TO QUASH SERVICE OF SUBPOENA REGARDING THE RECORDS OF DR. JOHN D. DEYO, M.A., LMFT, LPCC

Reese Decl. at ¶¶ 2-3. Sandra's counsel and Mr. Shanley met and conferred at the earliest opportunity in Mr. Shanley's schedule. Reese Decl. at ¶¶ 4-6.

## IV.    LEGAL STANDARD

### A.    The Court May Quash the Subpoena.

A subpoena may be quashed where it is "served for the purpose of annoying and harassment and not really for the purpose of getting information." *Mattel Inc. v. Walking Mountain Productions*, 353 F.3d 792, 814 (9th Cir. 2003). Further, a subpoena "must" be modified or quashed if it requires disclosure of privileged or otherwise protected matter and no exception or waiver applies. Fed. R. Civ. P. 45(d)(3)(A)(iii); *In re Vitamins Antitrust Litig.,* 267 F.Supp.2d 738, 741 (S.D. Ohio 2003).

### B.    Federal Privilege Law Applies.

"Where there are federal question claims and pendent state law claims present, the federal law of privilege applies." *Agster v. Maricopa County,* 422 F.3d 836, 839 (9th Cir. 2005); *In re TFT-LCD (Flat Panel) Antitrust Litigation*, 835 F.3d 1155, 1158 (9th Cir. 2016). "The problems associated with the application of two separate privilege rules in the same case [with both state and federal claims] are readily apparent . . . . This court has resolved this potential conflict in favor of federal privilege law." *Pearson v. Miller,* 211 F.3d 57, 66 (3d Cir. 2000).

The Court has exercised supplemental jurisdiction over Sandra's state-law counterclaims in this action pursuant to 28 U.S.C. § 1367. Third Amended Counterclaim for Damages ¶ 7. As such, the counterclaims are pendent state law claims, being reliant on the federal question claims brought by Plaintiffs. Therefore, federal privilege law applies. *See Agster,* 422 F.3d at 839.

## V.    LEGAL ARGUMENT

### A.    Cross-Defendants' Subpoena Seeks Privileged, Private, and Protected, Third-Party Psychotherapy Records and Communications.

The subpoena seeks communications between a licensed marital therapist and not only Sandra, but her non-party husband who attended therapy sessions as well. Sandra's

THE MALONEY FIRM, APC
2381 ROSECRANS AVENUE, SUITE 405
EL SEGUNDO, CALIFORNIA 90245
T: (310) 540-1505 | F: (310) 540-1507

1  claims against Cross-Defendants in 2020 do not rely on communications with her

2  marriage counselor, nor do they open the door to the records of a marriage counselor

3  consulted by Sandra and her husband in late 2017 through early 2018.  Both Sandra and

4  her husband enjoy a privilege prohibiting the disclosure of their communications with

5  their therapist. *Jaffee*, 518 U.S. at 12; California Constitution, Art. I, § 16; Cal. Evid.

6  Code § 1014;  45 C.F.R. § 164.501; 45 C.F.R. § 164.508(2)).

### B.    Sandra has *not waived* the privileges that attach to communications with her and her husband's therapist or to the therapist's records.

9  Cross-Defendants are not entitled to Sandra's privileged treatment records

10 because Sandra has not waived her psychotherapist-patient privilege established in

11 *Jaffee v. Redmond*, 518 U.S. 1, 12 (1923). In *Jaffee*, the United States Supreme Court

12 held that confidential communications between licensed psychotherapists,

13 psychologists, and social workers and their respective patients, and the records reflecting

14 such communications, are entitled to **absolute** privilege analogous to the attorney-client

15 privilege under Rule 501 of the Federal Rules of Evidence. *Id.* at 14-16; *see also, Oleszko*

16 *v. State Compensation Insurance Fund,* 243 F.3d 1154, 1156 (9th Cir. 2001).

17 The *Jaffe* Court explicitly held that decisions regarding the privilege should not

18 be made by balancing the interests of the patient and the value of the evidence. *Id.* at 17.

19 The Court was very clear:

> Making the promise of confidentiality contingent upon a trial judge's later evaluation of the relative importance of the patient's interest in privacy and the evidentiary need for disclosure would eviscerate the effectiveness of the privilege.... [I]f the purpose of the privilege is to be served, the participants in the confidential conversation " must be able to predict with some degree of certainty whether particular discussions will be protected. An uncertain privilege, or one which purports to be certain but results in widely varying applications by the courts, is little better than no privilege at all."

THE MALONEY FIRM, APC
2381 ROSECRANS AVENUE, SUITE 405
EL SEGUNDO, CALIFORNIA 90245
T: (310) 540-1505 | F: (310) 540-1507

00172576.DOCX

DEFENDANT AND CROSS-PLAINTFF SANDRA MALONEY'S NOTICE OF MOTION TO QUASH SERVICE OF SUBPOENA REGARDING THE RECORDS OF DR. JOHN D. DEYO, M.A., LMFT, LPCC

THE MALONEY FIRM, APC
2381 ROSECRANS AVENUE, SUITE 405
EL SEGUNDO, CALIFORNIA 90245
T: (310) 540-1505 | F: (310) 540-1507

1  Id. (quoting Upjohn Co. v. United States, 449 U.S. 383, 393, 101 S.Ct. 677, 684, 66

2  L.Ed.2d 584 (1981)).

3        **1.    *Sandra has not waived her psychotherapist-patient privilege.***

4        "Even if the Plaintiff can be said to have placed her mental or emotional condition

5  at issue by claiming damages for emotional distress, [a plaintiff] has not waived the

6  psychotherapist-patient privilege since she has not put the substance of communications

7  between herself and psychotherapist(s) at issue in this litigation." *Fritsch*, 187 F.R.D. at

8  632. When a plaintiff does not intend to call her therapist as a witness or make any other

9  "offensive use" of the privilege, a plaintiff does not waive the psychotherapist-patient

10 privilege. *Id.* at 633.  *See also  Stallworth v. Brollini,* 288 F.R.D. 439, 444 (N.D. Cal.

11 2012) (denying motion to compel because plaintiff "must affirmatively rely on

12 psychotherapist-patient communications in support of her claim before the privilege is

13 waived"); *Speaker v. County of San Bernardino,* 82 F.Supp.2d 1105, 1119 (C.D. Cal.

14 2000) ("because Johnson will not affirmatively introduce evidence about his mental state

15 that would place his communications with Dr. Mathews at issue, other than his

16 perception distortion, he has not waived his psychotherapist/patient privilege");

17 *Ruhlmann v. Ulster County Dept. of Social Serv.,* 194 F.R.D. 445, 449-457 (N.D.N.Y.

18 2000)("Moreover, a finding that seeking incidental emotional distress damages places

19 mental condition at issue, requiring a plaintiff to disclose psychotherapist

20 communications would be inconsistent with the purpose of the psychotherapist-patient

21 privilege."); *Hucko v. City of Oak Forest,* 185 F.R.D. 526, 529-31 (N.D. Ill. 1999);

22 *Vanderbilt v. Chilmark,* 174 F.R.D. 225, 228 (D. Mass. 1997) ("Should she use the

23 substance of her communication, by calling her psychotherapist as a witness, for

24 example, or by testifying to the substance of the communication herself, then she would

25 waive the privilege. These would be situations where Plaintiff puts the privileged

26 communication itself at issue.")

27

28

THE MALONEY FIRM, APC
2381 ROSECRANS AVENUE, SUITE 405
EL SEGUNDO, CALIFORNIA 90245
T: (310) 540-1505 | F: (310) 540-1507

1
2
3

    **2.**  *Cross-Defendants' claimed need for discovery concerning Sandra's emotional distress does not cause a waive, because Dr. Deyo's records have no bearing on her claims.*

4   While some cases hold that a waiver of privileges may occur when necessary to
5 ensure fairness, even under that more lenient standard for finding a waiver, Sandra has
6 not waived. For example, in *Doe v. City of Chula Vista,* 196 F.R.D. 562 (S.D. Cal.
7 1999), the District Court allowed limited discovery of treatment information.
8 Specifically, the Court limited discovery to treatment information "near the time of
9 defendants alleged misconduct." *Id.* at 569. The Court held that "Doe's claim for
10 emotional distress damages does not entitle defendants to invade the whole of Doe's
11 medical history." And even then, the magistrate was to conduct an in-camera review of
12 the treatment records to ascertain relevancy, releasing on the relevant records to the
13 parties. *Id.* at 570.

14   Sandra and her husband treated with Dr. Deyo well over two years before the
15 termination of her employment. The termination that gives rise to this suit occurred in
16 March 2020. Thus, records maintained by Dr. Deyo were not generated at or near the
17 time of Cross-defendants' misconduct. Furthermore, Sandra has not relied and does not
18 intend to rely upon on records maintained by a therapist she saw in two years before she
19 was terminated evidence to prove any element of her claims. As such, Dr. Deyo's records
20 are neither relevant nor necessary to ensure a fair trial, even under the more relaxed
21 standard of waiver followed by some courts.

22   But even if the court determines that the records are relevant, the court should not
23 permit Cross-Defendants to conduct a fishing expedition through Sandra's private
24 medical and psychological histories – or her non-party husband's. As the Supreme Court
25 stated in *Jaffee*, the psychotherapist-patient privilege serves a "public good transcending
26 the normally predominant principle of utilizing all rational means for ascertaining truth."
27 518 U.S. at 15.

28

1   Furthermore, Cross-Defendants have other, less intrusive means to gather
2   discovery they may claim to need to defend against Sandra's claim for emotional distress
3   damages.   For example, Sandra has already disclosed in her pleadings the other life
4   stressors she recently faced.   And, as the Court in *Stallworth* noted, Cross-Defendants
5   can inquire of Sandra in her deposition about those issues and whether her she sought
6   medical attention, without invading the privileged communications.   Stallworth, 444-
7   445.   If under any circumstances the Court determined Sandra has waived her rights,
8   then the Court should conduct an in-camera review to ensure that the subpoena only
9   reaches records that are absolutely necessary.

10   **C.   Sandra's Medical Records are Private and Should Not be Disclosed.**

11   Cross-Defendants cannot show any specific or substantial need for Sandra's and
12   her husband's marriage counseling psychotherapy records in this action. There is no
13   basis for a claim that the records are necessary for Cross-Defendants to receive a fair
14   trial on the issue of emotional distress because Sandra has already informed Cross-
15   Defendants that she did not seek counseling regarding Cross-Defendants' harassment,
16   retaliation, and discrimination from Dr. Deyo *ever* or from any doctor until *after* she was
17   terminated from CSAC and the Trusts and have already identified all of the intervening
18   traumatic events in her life in Third Amended Counterclaim. *See* Exhibit C, Responses
19   to Request for Admissions Nos. 11 and 12.

20   Sandra and her husband only visited Dr. Deyo for marriage counseling, primarily
21   from July 2017 to May 2018. Sandra Decl. ¶ 2. The counseling she and her husband
22   sought was totally unrelated to her claim for intentional infliction of emotional distress.
23   *Id.* at ¶ 3. Sandra has not indicated that she intends to use Dr. Deyo as a witness or any
24   documents in his possession. *See generally,* Exhibit B. The extensive medical records –
25   seeking all documents, notes, communications, etc. relating to or between Sandra and
26   Dr. Deyo regardless of subject matter and for a period going back over two  years before
27   the relevant time period – sought by Cross-Defendants are simply not relevant to this
28   litigation.   Cross-Defendants  can  investigate  Sandra's  claims  through  Sandra's

THE MALONEY FIRM, APC
2381 ROSECRANS AVENUE, SUITE 405
EL SEGUNDO, CALIFORNIA 90245
T: (310) 540-1505 | F: (310) 540-1507

00172576.DOCX

9

1  deposition without the need for the entirety of Sandra's and her husband's

2  communications to Dr. Deyo and Sandra's and her husband's marriage counseling

3  psychotherapy records.

4      **D.**    **<u>Sandra's Psychotherapy Records Are Statutorily Protected Under</u>**

5          **<u>California Evidence Code Section 1014.</u>**

6        In Sandra's counsel's meet and confer call with Cross-Defendants' counsel on

7  August 25, 2020, Cross-Defendants' counsel made mention that Cross-Defendants'

8  believe that state law regarding psychotherapist-privilege applies rather than federal law.

9  For all of the reasons noted above, Sandra believes federal privilege applies.

10        Under California law, "the patient, whether or not a party, has a privilege to refuse

11  to disclose, and to prevent another from disclosing, a confidential communication

12  between patient and psychotherapist if the privilege is claimed by: (a) The holder of the

13  privilege. . . ." Cal. Evid. Code § 1014.  Further, California recognizes the need for a

14  strong psychotherapist-patient privilege where patients can express themselves freely,

15  without the fear of future embarrassment. *See People v. Garcia* (2010) 185 Cal.App.4th

16  1203, 1211.

17          ***1.***    ***The California Constitution, Code of Evidence, and case law***

18             ***recognize the privacy rights and confidential nature of***

19             ***psychotherapy records.***

20        "The [psychotherapist-patient] privilege reflects a patient's constitutional right to

21  privacy . . . and is broadly construed in favor of the patient. . . . The psychotherapist-

22  client privilege is broader than other privileges. Unlike the physician-patient privilege,

23  for example, the psychotherapist-patient privilege can be invoked in a criminal

24  proceeding." *Nielsen v. Sup. Ct.* (1997) 55 Cal.App.4th 1150, 1153-54. "The concept of

25  balancing the interest in protecting the psychotherapist-patient privilege against the

26  needs of the party seeking the information does not ordinarily apply to privilege." *Id.* at

27  1154.

28

THE MALONEY FIRM, APC
2381 ROSECRANS AVENUE, SUITE 405
EL SEGUNDO, CALIFORNIA 90245
T: (310) 540-1505 | F: (310) 540-1507

DEFENDANT AND CROSS-PLAINTFF SANDRA MALONEY'S NOTICE OF MOTION TO QUASH SERVICE
OF SUBPOENA REGARDING THE RECORDS OF DR. JOHN D. DEYO, M.A., LMFT, LPCC

1    Here, the psychotherapist-patient privilege and broader privacy rights apply to

2   Sandra's psychotherapy notes, which reflect confidential communications exchanged for

3   the purpose of providing Sandra and her husband counseling and with the understanding

4   that they would remain confidential. *See* Cal. Evid. Code §§ 1010, 1012-1014; *Davis*, 7

5   Cal.App.4th at 1013-14.

6           **2.    *A waiver does not occur merely because Sandra seeks emotional***

7                   ***distress damages.***

8           The Court should not allow the release of Sandra's psychotherapy notes, simply

9   by seeking emotional distress damages. The scope of the discovery permitted "depends

10   upon the nature of the injuries which the patient-litigant [herself] has brought before the

11   court." *In re Lifschutz* (1970) 2 Cal.3d 415, 420-23, 435. "[T]he exception permits 'only

12   a limited inquiry into the confidences of the psychotherapist-patient relationship,

13   compelling disclosure of only those matters directly relevant to the nature of the **specific**

14   'emotional or mental' condition which the patient has voluntarily disclosed and tendered

15   in his pleadings or in answer to discovery inquiries." *Simek v. Sup. Ct.* (1981) 117

16   Cal.App.3d 169, 174 (emphasis added).

17           Records unrelated to Sandra's claims remain privileged and protected under state

18   law. Sandra and her husband only saw Dr. Deyo for marriage counseling between July

19   2017 and May 2018.As such, she has not put her marriage counseling psychotherapy

20   records *from over two years before bringing her claims against Cross-Defendants* at

21   issue, and the records remain privileged under state law.

22           **3.    *The invasion of privacy caused by the Cross-Defendants'***

23                   ***subpoena would be extensive and serious.***

24           The crux of the subpoena involves Sandra's former boyfriend, Douglas

25   McCarron, seeking unrelated, privileged psychotherapy records of Sandra *and her*

26   *husband* from marriage counseling they received over two years prior to Sandra's

27   termination. "Courts. . . place the burden on the party asserting a privacy interest to

28   establish its extent and the seriousness of the prospective invasion, and against that

THE MALONEY FIRM, APC
2381 ROSECRANS AVENUE, SUITE 405
EL SEGUNDO, CALIFORNIA 90245
T: (310) 540-1505 | F: (310) 540-1507

00172576.DOCX

11

DEFENDANT AND CROSS-PLAINTFF SANDRA MALONEY'S NOTICE OF MOTION TO QUASH SERVICE OF SUBPOENA REGARDING THE RECORDS OF DR. JOHN D. DEYO, M.A., LMFT, LPCC

showing must weigh the countervailing interests the opposing party identifies . . . ." *Williams v. Sup. Ct.* (2017) 3 Cal.5th 531, 557. Disclosure of these records would cause extensive and serious harm to Sandra's privacy interests and her husband's privacy interests.

The intimate records from marriage counseling are not substantially beneficial or relevant to Cross-Defendants' defenses and are unrelated to the claims at issue. Further showing that they neither know what records they seek nor care about their relevance, Cross-Defendants did not name any documents, describe any documents, or provide any specificity in their instruction to Dr. Deyo. In reality, Cross-Defendants' fishing expedition is an attempt to harass Sandra into dropping her valid claims against Cross-Defendants. This cannot outweigh Sandra's and her husband's privacy interests.

**E.** **The Subpoena Seeks Communications Protected by the Marital-Communications Privilege.**

Regardless of whether federal privilege applies, as Sandra contends, or state privilege law applies, as Cross-Defendants' counsel contends, Sandra's psychotherapy records from her marriage counseling are protected by marital communications privilege.

### 1. *Federal law protects confidential marital communications.*

Confidential marital communications are privileged under federal law. *Trammel v. United States,* 455 U.S. 40, 51 (1980). The Supreme Court has determined that the marital communications privilege under federal law is "regarded as so essential to the preservation of the marriage relationship as to outweigh the disadvantages to the administration of justice." *Wolfe v. United States,* 291 U.S. 7, 14 (1934).

Sandra and her husband saw Dr. Deyo for marriage counseling from July 2017 to May 2018. Sandra Decl. ¶ 2. The communications and documents emanating therefrom either contain or directly involve marital communications. As such, the communications are privileged and not subject to discovery under federal law.

THE MALONEY FIRM, APC
2381 ROSECRANS AVENUE, SUITE 405
EL SEGUNDO, CALIFORNIA 90245
T: (310) 540-1505 | F: (310) 540-1507

### 2.    *California law protects confidential marital communications.*

Confidential marital communications are privileged under state law. Cal. Evid. Code § 980. "To make a marital communication 'in confidence,' one must intend nondisclosure . . . and have a reasonable expectation of privacy." *People v. Von Villas*, 11 Cal.App.4th 175, 220-21.

Sandra's and her husband's disclosures were both intended not to be disclosed and had a reasonable expectation of privacy at marriage counseling. The communications were made during counseling, an activity that is ordinarily privileged and protected by HIPAA, California Constitution, Art. I, § 1, and psychotherapist-patient privilege. Because multiple state and federal laws regulate the disclosure of such communications to a psychotherapist, Sandra's and her husband's beliefs that the communications were confidential were reasonable. As such, the communications are privileged and not subject to discovery under state law.

## VI.    CONCLUSION

For the foregoing reasons, Sandra respectfully requests that the court issue an order quashing the Dr. Deyo subpoena issued by Cross-Defendants seeking Sandra and her husband's marriage counseling psychotherapy records. However, in the even the Court disagrees with Sandra, Sandra requests a protective order for all of her psychotherapy and medical records to be viewed only by lead counsel in this matter.

Dated: August 28, 2020                         **THE MALONEY FIRM, APC**

By:  /s/Craig T. Reese
PATRICK M. MALONEY
CRAIG T. REESE
Attorneys for Defendant,
SANDRA MALONEY

THE MALONEY FIRM, APC
2381 ROSECRANS AVENUE, SUITE 405
EL SEGUNDO, CALIFORNIA 90245
T: (310) 540-1505 | F: (310) 540-1507

00172576.DOCX

13

DEFENDANT AND CROSS-PLAINTFF SANDRA MALONEY'S NOTICE OF MOTION TO QUASH SERVICE OF SUBPOENA REGARDING THE RECORDS OF DR. JOHN D. DEYO, M.A., LMFT, LPCC

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

THE MALONEY FIRM, APC
2381 ROSECRANS AVENUE, SUITE 405
EL SEGUNDO, CALIFORNIA 90245
T: (310) 540-1505 | F: (310) 540-1507

**PROOF OF SERVICE**

Custis Conyers v. Marisa Cano, et al.

Case No.: 2:20-cv-03146 JFW

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 2381 Rosecrans Avenue, Suite 405, El Segundo, CA 90245.

On August 28, 2020, I served true copies of the following document on the date listed below, described as:

**DEFENDANT AND CROSS-PLAINTFF SANDRA MALONEY'S NOTICE OF MOTION AND MOTION TO QUASH SERVICE OF SUBPOENA FOR DOCUMENTS AND THINGS OR IN THE ALTERNATIVE FOR A PROTECTIVE ORDER REGARDING THE RECORDS OF DR. JOHN D. DEYO, M.A., LMFT, LPCC**

on the interested parties in this action as follows:

**SEE MAILING LIST**

☐ <u>For Collection</u>. By placing a true copy(ies) thereof enclosed in a sealed envelope(s), to the address(es) listed above and by placing said sealed envelope(s) for collection and mailing on that date following ordinary business practices. I am "readily familiar" with the business practice for collection and processing of correspondence for mailing the U.S. Postal Service. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business.

☐ <u>Overnight Delivery</u>. By placing a true copy(ies) thereof enclosed in a sealed envelope(s) or package(s) to the address(es) listed above and placing said envelope(s) or package(s) for collection with delivery fees provided for.

☒ <u>Electronic Service [CM/ECF]</u>. Via electronic service to the email address(es)/registered participants with the CM/ECF System.

☒ <u>State</u>. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **August 28, 2020**, at Los Angeles, California.

/s/ Marilyn Vigil

Marilyn Vigil

00172576.DOCX

i

1

**MAILING LIST**

2

Custis Conyers v. Marisa Cano, et al.
Case No.: 2:20-cv-03146 JFW

3

4   Daniel M. Shanley, Esq.            Counsel for Curtis Conyers, Daniel
    Judy Kan, Esq.                     Langford, Douglas McCarron, Carpenters
5   DeCarlo & Shanley, APC             Southwest Administrative Corporation,
    533 South Fremont Ave., Ninth Floor and Board of Trustees for The Carpenters
6   Los Angeles, California 90071      Southwest Trusts
7   T: (213) 488-4100 │F:(213)488-4180
    E: dshanley@deconsel.com
8   E: jkang@deconsel.com

9

10  Jay S. Rothman, Esq.               Counsel for Defendant,
    Jay S. Rothman & Associates        Marisa Cano
11  21900 Burbank Blvd., Suite 210
    Woodland Hills, CA 91367
12  T: (818) 986-7870 │F: (818) 990-3019
13  E: lawyers@jayrothmanlaw.com

14  Elizabeth A. Skane, Esq.           Attorneys for Counter Defendant,
    Joel P. Glaser, Esq.               Southwest Carpenters Training Fund
15  SKANE WILCOX LLP
    1055 West 7th Street, Suite 1700
16  Los Angeles, California 90017
17  T: (213) 452-1200 │F: (213) 452-1201
    E: veskane@skanewilcox.com
18  E: jglaser@skanewilcox.com
19

20

21

22

23

24

25

26

27

28

THE MALONEY FIRM, APC
2381 ROSECRANS AVENUE, SUITE 405
EL SEGUNDO, CALIFORNIA 90245
T: (310) 540-1505 │F: (310) 540-1507