# Exhibit A

1  Daniel M. Shanley (SBN 169182)
2  dshanley@deconsel.com
   Judy Kang (SBN 327137)
3  jkang@deconsel.com
4  DeCARLO & SHANLEY
   A Professional Corporation
5  533 South Fremont Avenue, Ninth Floor
6  Los Angeles, California 90071-1706
   Telephone:  (213) 488-4100
7  Facsimile:   (213) 488-4180
8
9  Charles Davant IV (*pro hac vice*)
   cdavant@wc.com
10 Williams & Connolly LLP
11 725 Twelfth Street, N.W.,
   Washington, D.C. 20005
12 Telephone: (202) 434-5695
13 Facsimile: (202) 434-5029
14
   Attorneys for Plaintiffs and Counterclaim
15 Defendants
16

17                        UNITED STATES DISTRICT COURT
18                       CENTRAL DISTRICT OF CALIFORNIA

19 CURTIS CONYERS and DANIEL              ) Case No. 2:20-cv-03146-JFW (PLAx)
   LANGFORD, trustees, participants and/or )
20 authorized agents of THE CARPENTERS    ) Hon. John F. Walter
   SOUTHWEST TRUSTS,                      ) Courtroom 7A
21                                        ) Complaint Filed: April 3, 2020
22              Plaintiffs,               )
                                          ) **NOTICE OF THIRD-PARTY**
23         v.                             ) **SUBPOENA**
   MARISA CANO, an individual, and        )
24 SANDRA MALONEY, an individual,         )
25                                        ) Date: August 31, 2020
                Defendant.                ) Time: 10 AM
26                                        ) Place: DeCARLO & SHANLEY
27                                        ) 533 South Fremont Avenue, Ninth Floor
                                          ) Los Angeles, CA 90071-1706
28 ───────────────────────────────────────)

Plaintiffs' Notice of Third Party Subpoena                    Case No. 2:20-cv-03146-JFW (PLAx)

| | |
|---|---|
| 1 | SANDRA MALONEY, an individual )
| | ) Counterclaim Plaintiff, )
| 2 | )
| 3 | v. )
| | )
| 4 | CARPENTERS SOUTHWEST )
| | ADMINISTRATIVE CORPORATION, a )
| 5 | California Corporation; CURTIS )
| 6 | CONYERS and DANIEL LANGFORD, )
| | trustees and/or participants of the )
| 7 | CARPENTERS SOUTHWEST TRUSTS; )
| 8 | BOARD OF TRUSTEES FOR THE )
| | CARPENTERS SOUTHWEST TRUSTS; )
| 9 | DOUGLAS MCCARRON, an Individual; )
| 10 | Counterclaim Defendants. )
| 11 | )

Plaintiffs' Notice of Third Party Subpoena         Case No. 2:20-cv-03146-JFW (PLAx)

**TO EACH PARTY AND TO EACH ATTORNEY OF RECORD IN THIS ACTION:**

    **PLEASE TAKE NOTICE** that, Plaintiffs CURTIS CONYERS and DANIEL LANGFORD, trustees, participants and/or authorized agents of THE CARPENTERS SOUTHWEST TRUSTS, and Counter-Defendants CARPENTERS SOUTHWEST ADMINISTRATIVE CORPORATION, CURTIS CONYERS and DANIEL LANGFORD, trustees and/or participants of the CARPENTERS SOUTHWEST TRUSTS, CARPENTERS SOUTHWEST TRUSTS and BOARD OF TRUSTEES FOR THE CARPENTERS SOUTHWEST TRUSTS ("Counter-Defendants") will serve a Subpoena to Produce Documents, Information, or Objects on Dr. John D. Deyo, M.A., LMFT, LPCC. A copy of the subpoena is attached hereto as Exhibit A and incorporated by reference herein.

Dated: July 31, 2020

                                                             DeCARLO & SHANLEY
                                                              A Professional Corporation

                                                              */s/ Daniel M. Shanley*
                                                              Daniel M. Shanley, Esq.
                                                              Attorneys for Plaintiffs and Counterclaim
                                                              Defendants

# EXHIBIT A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | |
|---|---|
| Curtis Conyers and Daniel Langford <br> *Plaintiff* <br> v. <br> Marisa Cano and Sandra Maloney <br> *Defendant* | ) ) ) ) ) ) ) Civil Action No. 2:20-cv-03146 JFW (PLAx) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   John D. Deyo, M.A., LMFT, LPCC, 1115 Via Verde San Dimas, CA 91773

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: All documents, including but not limited to records of treatments, intakes, consultations and communications, including but not limited to electronic mail, voicemails, and texts, concerning, related to, or referring to Sandra Maloney, aka Sandra Castro, (D.O.B. 2/14/67), for the period bettween Jan. 2017 to June 2020.

| Place: DeCARLO & SHANLEY <br> 533 South Fremont Avenue, Ninth Floor <br> Los Angeles, CA 90071-1706 | Date and Time: <br> 08/31/2020 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 7-31-2020

 CLERK OF COURT                                    OR   _____

 *Signature of Clerk or Deputy Clerk*                  *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiffs and Counterclaim Defendants                    , who issues or requests this subpoena, are:

Daniel M. Shanley, 533 S. Fremont Avenue, 9th Flr, LA, CA 90071-1706, dshanley@deconsel.com, (213) 488-4100

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:20-cv-03146 JFW (PLAx)

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or

  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen (18) and not a party to the within action. My business address is DeCARLO & SHANLEY, A Professional Corporation, 533 South Fremont Avenue, 9th Floor, Los Angeles, California 90071.

On August 3, 2020, I served the following document described as

**NOTICE OF THIRD PARTY SUBPOENA**

on the interested parties in this action:

(X) by serving ( ) the original (X) true copies thereof as follows:

**SEE ATTACHED SERVICE LIST**

( ) **VIA CM/ECF**
I caused the above described document(s) to be filed with the United States District Court of California, using the CM/ECF system. The courts CM/ECF system will send an e-mail notification of the foregoing filing to the parties and counsel of record who are registered with the Court's CM/ECF system.

( XX ) **BY MAIL**
I caused such envelope to be deposited in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

( ) **BY ELECTRONIC MAIL**
I caused the above-described document(s) to be electronically served via email to the name(s) and email addresses listed above.

(X) STATE — I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

( ) FEDERAL — I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

(X) EXECUTED on August 3, 2020, at Los Angeles, California.

*Ruby Fernandez*
Ruby Fernandez

## SERVICE LIST

| Patrick M. Maloney<br>Craig T. Reese<br>THE MALONEY FIRM, APC<br>2381 Rosecrans Avenue, Suite 405<br>El Segundo, CA 90245<br>pmaloney@maloneyfirm.com<br>creese@maloneyfirm.com<br>Telephone: (310) 540-1505<br>Facsimile: (310) 540-1507<br><br>Attorneys for Defendant and<br>Counterclaim Plaintiff Sandra Maloney | Jay S. Rothman<br>JAY S. ROTHMAN & ASSOCIATES<br>21900 Burbank Blvd, Suite 210<br>Woodland Hills, CA 91367<br>lawyers@jayrothmanlaw.com<br>Telephone: (818) 986-7870<br>Facsimile: (818) 990-3019<br><br>Attorneys for Defendant Melissa Cano |
|---|---|